IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| Plaintiff, : | |
| v. : | Civil Action No. **WDQ13CV1903** |
| **$33,563.21 in U.S. CURRENCY,** : | |
| Defendant. : | |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.      This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANTS *IN REM*

2.      The defendant property consists of $33,563.21 in U.S. Currency (hereinafter, the "Defendant Property").

3. The Defendant Property was seized on December 14, 2012, from Layton Steven Hersh's BB&T Bank accounts (checking account number 0005157622891, in the amount of $1,044.09; checking account number 0005157962886, in the amount of $24,275.69; and savings account number 0005453610065, in the amount of $8,243.43), pursuant to the execution of a search and seizure warrant in the State and District of Maryland.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5. This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Dennis W. Maye, Special Agent of the Drug Enforcement Administration, which is incorporated herein by reference.

**WHEREFORE**, THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;

3. That Judgment of Forfeiture be decreed against the Defendant Property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;

5. That the Plaintiff has such other and further relief as the case may require.

Dated: June 27, 2013

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

## DECLARATION

This affidavit is submitted in support of a complaint for forfeiture of $33,563.21 in United States Currency.

I, Dennis W. Maye, Special Agent of the Drug Enforcement Administration, submit that there are sufficient facts to support a reasonable belief that the $33,563.21 in United States currency constitutes (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. 841 and thus is subject to forfeiture pursuant to 21 U.S.C. 881(a) (6).

a. During the first week of November, 2012, the Carroll County Drug Task Force (CCDTF) received information from a Confidential Source advising that a white male, identified as Layton Steven Hersh ("Hersh"), was distributing marijuana in the Carroll County, Maryland area.

b. Through further investigation, investigators learned that Hersh resides in Pennsylvania and owns a 2007 Honda Accord with Maryland registration 4AX5034 (the "Vehicle").

c. On December 13, 2012, the Confidential Source advised the CCDTF investigators that Hersh may be attempting to deliver marijuana to someone in the Carroll County, MD area.

d. Hersh entered the Carroll County, Maryland area driving the Vehicle at approximately 4:00 P.M.

e. At approximately 4:38 P.M., a traffic stop of the Vehicle was initiated on Route 97, near Stone Road in Carroll County, Maryland.

f. The driver of the Vehicle identified himself as Layton Steven Hersh by his Maryland driver's license.

g. Hersh was very nervous.

h. A K-9 unit responded and conducted a K-9 scan on the Vehicle.

i. The K-9 alerted positively for the presence of a controlled dangerous substance.

j. While speaking with Hersh outside the Vehicle, a distinct odor of raw marijuana emanated from Hersh's person.

k. When the trooper asked Hersh if he had any illegal substances on his person, Hersh replied, "No."

l. The troopers searched Hersh's person.

m. There was a bulge in Hersh's left sock. The trooper requested Hersh to raise his left foot and subsequently removed from the sock a clear plastic bag containing marijuana (6.8 grams).

n.  When the trooper asked Hersh if he had any other illegal substances in the Vehicle, Hersh replied, "No."

o.  A search was conducted on the Vehicle. The Vehicle contained two plastic sandwich bags containing marijuana (64.2 grams and 63.9 grams) under the front passenger seat.

p.  When the trooper asked Hersh if he was employed, Hersh responded that he was unemployed.

q.  Hersh was arrested and charged with Possession of Marijuana with the Intent to Distribute, Possession of Marijuana, and Possession of Drug Paraphernalia.

r.  While Hersh was being processed at the barrack, troopers took custody of his cellular telephone. Hersh had received several text messages. Upon reviewing the text messages, investigators determined that the recipient of the text message (Hersh) was attempting to deliver the aforementioned marijuana to an individual.

s.  Further investigation revealed that Hersh's wallet contained a business card for PNC Bank, a BB&T bank deposit transaction receipt and BB&T debit card. On the back of the PNC Bank business card were notes regarding a checking and savings account, which detailed nearly $40,000.00.

t.  A criminal history check was conducted on Hersh. Hersh has a prior arrest in 2006 for Possession of Marijuana with the Intent to Distribute and Possession with the Intent to Manufacture Marijuana.

u.  A check for wages and employment was conducted on Hersh through the Maryland Department of Labor, Licensing and Regulation. A check was conducted through all states. No record of earnings could be located for Hersh.

v.  On December 14, 2012, search and seizure warrants were applied for and issued for bank accounts owned by Layton Steven Hersh at BB&T Bank and PNC Bank.

w.  On December 14, 2012, the search and seizure warrants were executed at PNC Bank, 6130 Columbia Crossing Circle, Columbia, Maryland and BB&T Bank, 10990 John Hopkins Road, Laurel, Maryland.

x.  PNC Bank advised that they have no open accounts owned by Layton Steven Hersh. PNC Bank further indicated that Hersh's accounts were closed on January 12, 2011.

y.  BB&T Bank had three accounts held in the name of Layton Steven Hersh: checking account number 0005157622891, in the amount of $1,044.09; checking account 0005157962886, in the amount of $24,275.69; and savings account number 0005453610065, in the amount of $8,243.43.

z.  The BB&T Bank accounts were seized as drug proceeds, for a total value of $33,563.21.

*I DECLARE UNDER THE PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE CARROLL COUNTY DRUG TASK FORCE, IN REFERENCE TO THE SEIZURE OF $33,563.21 U.S. CURRENCY FROM LAYTON STEVEN HERSH ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.*

_____

Dennis W. Maye

Special Agent

Drug Enforcement Administration

## VERIFICATION

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: June 27, 2013

_____
Stefan D. Cassella
Assistant U.S. Attorney

**MEMORANDUM**

| | |
|---|---|
| DATE: | June 27, 2013 |
| TO: | Kristine Cupp<br>U.S. Marshal Service |
| FROM: | Naquita C. Ervin<br>FSA Paralegal Specialist<br>U.S. Attorney's Office - District of Maryland |
| RE: | **U.S. v. $33,563.21 in U.S. Currency** |
| | **Civil Action No.** |
| | **CATS ID 13-DEA-578552, 578575, 578647 – GD-13-0098** |

    The United States has filed a forfeiture action against **$33,563.21 in U.S. Currency.** A copy of the Complaint for Forfeiture is attached.

    Notice of this seizure will be published at **www.forfeiture.gov** pursuant to Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

    Thank you.


Attachment